IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 5773 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| KAREN MARKEY #242, in her individual capacity, ILLINOIS SECRETARY OF STATE, MICHAEL CHMELAR, in his individual capacity, and the COOK COUNTY STATE'S ATTORNEY, | ) ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Houston ("Houston"), proceeding *pro se*, brings this action against Officer Karen Markey ("Markey"), the Illinois Secretary of State ("ISOS"), Assistant States Attorney Michael Chmelar ("Chmelar"), and the Cook County State's Attorney ("CCSA").[1] Before this Court are defendants' Motions to Dismiss. For the reasons set forth below, defendants' motions to dismiss are granted.

**Plaintiff's Allegations**

Houston alleges that he was arrested by Karen Markey on October 26, 2004. Following his arrest, Houston was charged with "three counts of operating as an unlicensed used vehicle dealer, two count [sic] of failing to disclose rebuilt vehicle, [and] two counts of unlawful use of evidence

---

[1] In the caption of his complaint, Houston does not indicate that ISOS or CCSA are being sued as individuals in their official capacities. Accordingly, the Court reads Houston's Complaint as seeking relief against the *offices* of the Illinois Secretary of State and the Cook County State's Attorney.

of registration." (Cplt. ¶ 5). After his arrest, Houston was held for several hours until he posted bail and was released. *Id.* at ¶ 6.

On February 8 and 9, 2006, Houston was tried on charges that he: (1) sold a vehicle without disclosing that a rebuilt title had been issued for the vehicle, in violation of 625 ILCS 5/5-104.3; and (2) operated as a used vehicle dealer without a license, in violation of 625 ILCS 5/5-102(a). *Id.* at ¶ 11, 13. A jury returned a guilty verdict on both charges, but the trial judge granted Houston's motion for judgment notwithstanding the verdict with respect to the charged violation of 625 ILCS 5/5-102(a). *Id.* at ¶ 14.

Houston alleges that Markey arrested him without probable cause and that she did so "intentionally, willfully, wantonly, and maliciously." *Id.* at ¶ 21, 23. Houston further accuses Markey of "filing false police report [sic] more so [sic] on the offense of failure to disclose rebuilt vehicle and operating as an unlicensed used vehicle dealer" and suggests that she should be "prosecuted for her crimes." *Id.* at 25. With respect to Chmelar, Houston alleges that during a pretrial conference, "Chmelar changed the element of rebuilt title to salvage title in his proposed jury instruction" and that he did so "intentionally, willfully, wantonly and maliciously to violate the constitutional rights of plaintiff Michael Houston." *Id.* at ¶ 16. By so doing, Houston alleges, "Chmelar set the stage for the malicious prosecution," but Houston notes that Chmelar "did not handle [Houston's] trial." *Id.* at ¶26-27.

Houston claims that the actions of Chmelar and Markey amount to false arrest, false imprisonment, malicious prosecution and the denial of his constitutional right to due process. *Id.* at 31. He claims that as a result of Chmelar and Markey's actions, he "incurred an expensive [sic] of

going to court, lost his business, suffered in jury [sic] to his reputation, was personally humiliated and suffered mental anguish and great pain." *Id.*

**Discussion**

**I.      Standard.**

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on a motion to dismiss, the court must assume all facts alleged in the complaint to be true and must view the allegations in the light most favorable to plaintiffs. *See, e.g.*, *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). To survive a motion to dismiss, a complaint must set forth facts sufficient to establish a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, No. 05-1126, slip op. at 8-9, 550 U.S. ___, 2007 U.S. LEXIS 5901 (May 21, 2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [there] must be enough to raise a right to relief above the speculative level."). When determining the sufficiency of a *pro se* complaint, a district court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

**II.     Plaintiff's Claims Against Defendant Chmelar Must be Dismissed Because Chmelar is Entitled to Absolute Immunity.**

In Counts XI, XII, XIII and XIV of the Complaint, Houston purports to state claims for malicious prosecution – under the Civil Rights Act and Illinois law – against Chmelar. These claims are apparently based entirely upon proposed jury instructions that Chmelar submitted to the court that presided over Houston's trial. Indeed, Houston alleges that Chmelar "did not handle [his] trial." (Cplt. ¶ 27).

In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit under § 1983." The Court based its holding upon the "well settled" common-law rule of immunity for prosecutors and concluded that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 425. The Court did not address "whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Id.* at 430-31.

In *Burns v. Reed*, 500 U.S. 478 (1991), the Court revisited the issue reserved in *Imbler* in deciding whether a prosecutor is entitled to absolute immunity when (1) giving legal advice to police officers regarding the permissibility of hypnotizing a suspect and whether probable cause existed to arrest that suspect; and (2) participating in a probable-cause hearing. The Court determined that prosecutors are not entitled to absolute immunity for providing legal advice to police officers because that act is not "closely associated with the judicial process." *Id.* at 495. However, prosecutors are entitled to absolute immunity for participating in a probable-cause hearing; "[u]nder that analysis, appearing before a judge and presenting evidence in support of a motion for a search warrant involved the prosecutor's 'role as advocate for the State.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 271, 274 (1993) (quoting *Burns*, 500 U.S. at 491) (characterizing the burden of a prosecutor seeking absolute immunity as "establishing that they were functioning as 'advocates'").

In this case, Chmelar argues that "Chmelar's decision to submit a particular jury instruction in [Houston's] criminal prosecution was action taken in the management of a criminal prosecution . . . Accordingly, Defendant Chmelar is entitled to absolute immunity from this lawsuit." The Court

4

agrees. Chmelar's actions with respect to the submission of proposed jury instructions were taken in connection with a criminal prosecution and, accordingly, involved Chmelar's "role as advocate for the State" in the judicial phase of Houston's criminal prosecution. *Burns*, 500 U.S. at 491. Chmelar is entitled to absolute immunity from suit with respect to actions he took in that role. *Imbler*, 424 U.S. at 430; *see also White v. City of Chicago*, 369 Ill. App. 3d 765 (Ill. App. Ct. 1997). Accordingly, Counts XI, XII, XIII, and XIV against Chmelar for malicious prosecution under the Civil Rights Act and under Illinois law must be dismissed with prejudice.

**III.    The *Eleventh Amendment* Bars Houston's Claims Against the Cook County State's Attorney and the Illinois Secretary of State.**

Houston directs Counts XV and XVI of his Complaint against the "Cook County State Attorney." Defendant CCSA argues that these Counts must be dismissed for their failure to allege that CCSA "had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law." (Mem. in Support of Defs.' Chmelar and CCSA Mtn. to Dismiss at p. 10 (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Without addressing that argument, the Court finds that Counts XV and XVI are barred by the *Eleventh Amendment* and must therefore be dismissed.

"The *Eleventh Amendment* prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacities." *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). The bar on suits against state officers acting in their official capacities extends only to suits seeking retrospective monetary relief. *Orange*

*v. Burge*, No. 04 C 0168, 2005 U.S. Dist. LEXIS 7234, *47 (N.D. Ill. Mar. 30, 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 659 (1974)). Federal courts must look to state law to determine whether a local government entity, such as a county, must be treated as an entity of the State for *Eleventh Amendment* purposes. *Id.* at *48 (citing *Mount Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

In *Garcia*, the Seventh Circuit "noted that the Illinois Supreme Court has held that state's attorneys are state officials." *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999) (citing *Garcia*, 24 F.3d at 969). Accordingly, a suit for monetary relief against the Cook County State's Attorney's Office is barred by the *Eleventh Amendment*. *Id.* (there is "no basis in law with which to support [defendant's Section 1983 claims] against the State's Attorney's Office"); *accord Orange*, 2005 U.S. Dist. LEXIS at *48-49 ("under Illinois law, a county state's attorney is a state official for *Eleventh Amendment* purposes . . . [t]hus, this court must also extend the protection of the *Eleventh Amendment* to . . . the underlying State's Attorney's Office"). Counts XV and XVI of the Complaint – which both seek monetary relief against CCSA under Section 1983 – must therefore be dismissed with prejudice.

The same analysis requires dismissal of Houston's claims against ISOS. Counts IX and X of the Complaint seek retrospective monetary relief against ISOS for false arrest, false imprisonment and malicious prosecution under Illinois law. ISOS is an entity of the state for *Eleventh Amendment* purposes. *See Ingemunson v. Hedges*, 133 Ill.2d 364, 366 (1990) (noting that the Constitution of the State of Illinois sets forth "six specifically enumerated officers" of the Executive Branch of the government of the State of Illinois, including the Secretary of State). Because the Secretary of State is, as the name of the office suggests, a state official, there can be, in federal court, "no basis in law

with which to support [a claim] against the [*office* of the Secretary of State]." *Hernandez*, 197 F.3d at 265. That Houston purports to invoke supplemental jurisdiction under 28 U.S.C. § 1367(a) does not change the analysis. *Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002) ("§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."). Accordingly, the *Eleventh Amendment* bars Houston's claims for monetary relief against ISOS. Counts IX and X must therefore be dismissed with prejudice.

## IV. The Claims Against Defendant Markey.

Counts I through VIII of the Complaint are all pleaded against Markey. Markey argues only that Counts III and IV – each purporting to state a claim for malicious prosecution against Markey under the Civil Rights Act – must be dismissed because "malicious prosecution claims are not actionable in federal court." Markey – who is represented by counsel from the Office of the Attorney General of the State of Illinois – offers a three-sentence argument in support of her motion to dismiss Counts III and IV. Markey's three-sentence argument cites only to one case, *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001), for the proposition that "[b]ecause the plaintiff has a state-law remedy, there is no constitutional tort for malicious prosecution." (Mem. in Support of Defs.' ISOS and Markey's Mtn. to Dismiss at p. 4).

It is true that Houston "may not state a § 1983 claim simply by alleging that he was maliciously prosecuted." *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002). "Instead, he must allege the violation of one of his constitutional rights, such as the right to a fair trial." *Id.* (citing *Newsome*, 256 F.3d at 750-52). Although Houston has not alleged a violation of his right to a fair trial, he has alleged that Markey "has committed the crime of filing false police report." (Cplt. at ¶ 25). "Police officers . . . may face liability for a *Brady* violation when they fabricate inculpatory

evidence or conceal inculpatory evidence." *Craig v. Huayamave*, No. 05 C 0172, 2005 U.S. Dist. LEXIS 13615, *6 (citing *Newsome*, 256 F.3d at 752). Accordingly, because Houston may be able to state a claim under Section 1983 involving the requisite allegation of a violation of one of his constitutional rights, Count III – Houston's Section 1983 claim for malicious prosecution related to the charge of operating as an unlicensed used vehicle dealer which has been resolved in Houston's favor – is dismissed without prejudice.

Although Markey did not raise the issue in her three-sentence argument in support of her Motion to Dismiss, Counts IV and VIII suffer from an additional malady: those Counts purport to state claims for malicious prosecution in connection with a charge – selling a vehicle without disclosing that a rebuilt title had been issued for the vehicle – which has not been resolved in Houston's favor. Under Illinois law, the elements of a cause of action for malicious prosecution are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996) (citing *Joiner v. Benton Cmty. Bank*, 82 Ill.2d 40, 45 (1980)). Accordingly, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99 (2004) (citation omitted).

In this case, Houston's complaint makes clear that the charge of "failure to disclose rebuilt vehicle" is still pending against him. (Cplt. at ¶ 17). Accordingly, a cause of action for malicious prosecution related to that charge has yet to accrue. Counts IV and VIII must therefore be dismissed and may not be repleaded unless and until the charge against Houston related to the alleged selling

of a vehicle without disclosing that a rebuilt title had been issued for the vehicle is resolved in his favor. *Ferguson*, 213 Ill.2d at 99.

## Conclusion

For the reasons stated herein, Counts IX through XVI are dismissed with prejudice. Counts III, IV and VIII are dismissed without prejudice, but Counts IV and VIII may not be repleaded unless and until the charge related to the failure to disclose a rebuilt vehicle title is resolved in Houston's favor. Consistent with this Opinion, Houston may file, within 21 days, an Amended Complaint with respect to Counts I, II, III, V, VI and VII only.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: May 30, 2007