IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 5773 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| KAREN MARKEY, in her individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Houston ("Houston"), proceeding *pro se*, brings this action against Officer Karen Markey ("Markey"). Houston originally brought suit against Markey, the Illinois Secretary of State, Michael Chmelar, and the Cook County State's Attorney, asserting claims of malicious prosecution, false arrest and false imprisonment under the Federal Civil Rights Act and Illinois law. This Court dismissed all claims against Chmelar, the Illinois Secretary of State, and the Cook County State's Attorney with prejudice. This Court dismissed Houston's § 1983 claims related to malicious prosecution without prejudice, granting him 21 days to file an amended complaint, specifically alleging facts to support his allegation.

Houston filed his First Amended Complaint against Markey, and she moved to dismiss. For the reasons set forth below, Markey's Motion to Dismiss is granted.

**STATEMENT OF FACTS**

Houston alleges that he was arrested by Officer Karen Markey on October 24, 2004. Cmplt. ¶4. Following his arrest, Houston was charged with "three counts of operating as an unlicensed used

1

vehicle dealer, two count [sic] of failing to disclose rebuilt vehicle, [and] two counts of unlawful use of evidence of registration." *Id.* ¶5. After his arrest, Houston was held for several hours until he posted bail and was released. *Id.* ¶6. Houston alleges that he did not commit these offenses. *Id.* ¶¶18-20.

Houston asserts that before the officers took him to the lock up, he asked Markey why he was arrested. Markey yelled loudly and angrily that he was an unlicensed dealer, drawing the attention of others present. *Id.* ¶5.

On February 8 and 9, 2006, Houston was tried on charges that he: (1) sold a vehicle without disclosing that a rebuilt title had been issued for the vehicle in violation of 625 ILCS 5/5-104.3 and (2) operated as a used vehicle dealer without a license in violation of 625 ILCS 5/5-102(a). *Id.* ¶¶11, 13. There were three complainants against Houston, but only one appeared to testify at trial. *Id.* ¶¶5, 8-12. A jury returned a guilty verdict on both charges, but the trial judge granted Houston's motion for judgment notwithstanding the verdict with respect to the charged violations of 625 ILCS 5/5-102(a). *Id.* ¶14. The judge dismissed the charges under 625 ILCS 5/5-104.3 in response to a post-trial motion. *Id.* ¶17. Houston alleges that Markey later sent notices to the three complainants stating that she arrested Houston for being an unlicensed dealer even though she knew it was not a crime. *Id.* ¶5.

Houston alleges that Markey arrested him without probable cause and filed a false police report and that she did so "intentionally, willfully, wantonly, and maliciously." *Id.* ¶¶21, 23, 25. He further asserts that "due to the intentional and willful conduct of officer Markey, plaintiff Houston was denied the right to a fair trial denied due process of law officer Markey concealed and fabricated exculpatory evidence [sic]." *Id.* ¶26.

**STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

**DISCUSSION**

**Section 1983 False Arrest**

The Court provided Houston with an opportunity to replead facts which would support his bare allegations of false arrest against the defendant. In so doing, Houston has refiled his Complaint with allegations that essentially plead him out of court. In a § 1983 false arrest case, the "actual existence of *any* probable cause to arrest precludes a § 1983 suit for false arrest." *Pourghoraishi v. Flying J., Inc.*, 449 F.3d 751, 762 (7th Cir. 2006) *citing Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003); *see also Collins v. Johnson*, No. 98 C 6682, 1999 WL 311699, at *1 (N.D.Ill. May 13, 1999) (dismissal granted where plaintiff admitted in complaint that he was arrested

3

following execution of a valid search warrant at his apartment). Houston has the burden of pleading the elements for want of probable cause for his arrest. *Collins*, 1999 WL 311699 at * 3 *citing Currier v. Baldridge*, 914 F.2d 993, 996 (7thCir. 1990). Here, although alleging in a conclusory fashion that Markey did not have probable cause to arrest him, Houston acknowledges that there were three complaining witnesses against him. Cmplt. ¶5. It is well-established that "an identification or a report from a single credible victim or eyewitness can provide the basis for probable cause." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7thCir. 2001) (probable cause found based on single complaining witness) *citing Tangwall v. Stuckey*, 135 F.3d 510, 520 (7thCir. 1998).

"Litigants may plead themselves out of court by alleging facts that establish defendant's entitlement to prevail." *Bennet v. Schmidt*, 153 F.3d 516, 519 (7thCir. 1998). Here, Houston does just that when he asserts that there were three complainants against him. Cmplt. ¶¶ 5. Markey's Motion to Dismiss Houston's claim of false arrest in violation of § 1983 is granted.

**Section 1983 Malicious Prosecution/Violation of Constitutional Rights**

In its opinion dismissing Houston's original Complaint, this Court stated that Houston "may not state a § 1983 claim simply by alleging that he was maliciously prosecuted" but "instead, he must allege a violation of one of his constitutional rights, such as the right to a fair trial." *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002). The Court noted Houston's allegation that Markey "has committed the crime of filing a false police report" and stated that "Police officers . . . may face liability for a *Brady* violation when the fabricate inculpatory evidence or conceal inculpatory evidence." *Craig v. Huayamave*, No. 05 C 0172, 2005 U.S. Dist. LEXIS 13615, *6 *citing Newsome v. McCabe*, 256 F.3d 747, 752 (7thCir. 2001). Accordingly, this Court dismissed Houston's § 1983

4

claim of malicious prosecution without prejudice and granted him leave to file any allegations of violations of his constitutional rights.

In his First Amended Complaint, Houston adds only that "due to the intentional and willful conduct of officer Markey plaintiff Houston was denied th right to a fair trial denied due process of law officer Markey concealed and fabricated exculpatory evidence [sic]." Cmplt. ¶26. That is, he largely parrots elements of a potential claim as stated in this Court's original opinion. These conclusory statements are not adequate to remedy the problems of the original Complaint. Indeed, a conclusory allegation or formulaic recitation of elements of a claim is inadequate to state a claim under Federal pleading standards. *Twombly*, 127 S.Ct. at 1966 (conclusory allegation of conspiracy); *see also Newman v. U.S.*, No. 7 C 0362 MJR, 2008 WL 189559 (S.D.Ill. January 18, 2008) (conclusory allegation that judge was involved in conspiracy to exclude plaintiff from courthouse). Without more, Houston can not state a claim. Markey's Motion to Dismiss Houston's claims of malicious prosecution under § 1983 is granted.

**State Law Claims**

As Houston's claims under Federal law have been dismissed, this Court no longer has jurisdiction over his state law claims under 28 U.S.C.A. §1367. Thus, Houston's claims of false arrest, malicious prosecution, and slander under Illinois state law are dismissed.

For the reasons stated above, Markey's Motion to Dismiss is granted with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: March 25, 2008